# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

FILED
1/9/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| MICHAEL DiFRANCESCO and ASHLEY DAVIS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TIM FOX, in his official capacity as Attorney General of Montana; SARAH GARCIA, in her official capacity as Administrator of the Motor Vehicle Division; and MICHELE SNOWBERGER, in her official capacity as Bureau Chief of the Driver Services Bureau,<br><br>Defendants. | No. CV 17-66-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

A status conference and hearing on Plaintiff's Motion to Certify Class was held on October 16, 2018.[1] The Court determined at the hearing to defer address of

---

[1] Doc. 18.

the class certification pending supplementation of the record. An Amended Complaint[2] and an Amended Motion to Certify Class were filed.[3] An additional hearing was held on January 8, 2019. The issue is ripe for resolution.

## **Background**

Plaintiffs claim that the Montana Motor Vehicle Division ("MVD") is "running a wealth-based driver's license suspension scheme that traps some of the state's poorest residents in a cycle of poverty."[4] The Complaint asserts, *inter alia*, that: (1) the MVD automatically and unlawfully suspends the driver's license of people who owe court-ordered fines, costs, and restitution even if they simply cannot afford to pay; (2) the suspensions remain imposed until the fine is paid or waived; and (3) payment of a $100.00 reinstatement fee before the license can be reinstated is required unless the fee is waived.[5]

The Amended Complaint pleads, under 42 U.S.C. § 1983, that the Montana statutory framework violates: (1) Plaintiffs' right of Equal Protection and Due Process by discriminating based on wealth; (2) Due Process by infringing on

---

[2] Doc. 42.

[3] Doc. 43.

[4] Doc. 42 at 2.

[5] *See* Doc. 42 at 7. *See also* MONT. CODE ANN. §§ 61–5–214(1) and 61–5–218 (2018).

Plaintiffs' right to intrastate travel; (3) Equal Protection by discriminating based on wealth without a legitimate state purpose; (4) Equal Protection by employing "extraordinary collection" practices; and (5) procedural Due Process by not providing an ability-to-pay hearing prior to suspending driver's licenses.[6]

Plaintiffs seek: (1) a declaratory judgment that the state's practice of suspending licenses in accordance with Montana law is illegal and unconstitutional; (2) a preliminary and permanent injunction against Defendants' continued enforcement of the challenged statutes; (3) an injunction reinstating Plaintiffs' drivers licenses; and (4) attorneys' fees and costs.[7]

## Discussion

Plaintiffs have moved for certification of the following class:

> All individuals whose Montana driver's licenses are, or will be, suspended for nonpayment of a fine, cost, or restitution under Mont. Code Ann. § 61-5-214(1)(b) and who were, or will be, unable to afford to pay the fine, cost, or restitution at the time of suspension.[8]

In the alternative, Plaintiffs seek certification of two subclasses, defined as:

---

[6] *See* Doc. 42 at 34–36.

[7] *See* Doc. 42 at 37.

[8] Doc. 43 at 2.

-3-

(1) Current Class Members, who will be members of the class as of the date of certification: All individuals whose Montana driver's licenses are currently suspended for nonpayment of a fine, cost, or restitution under Mont. Code Ann. § 61-5-214(1)(b) and who were unable to afford to pay the fine, cost, or restitution at the time of suspension; and

(2) Future Class Members, who will be added to the class when their claims become ripe: All individuals whose Montana driver's licenses will be suspended for nonpayment of a fine, cost, or restitution under Mont. Code Ann. § 61-5-214(1)(b) and who are unable to afford to pay the fine, cost, or restitution at the time of suspension.[9]

Class action certification is governed by Fed. R. Civ. P. 23, under which courts are vested with broad discretion in determining whether to certify a proposed class.[10] The inquiry must be performed "rigorous[ly]" to enable the Court to be fully satisfied the case meets all of the certification prerequisites[11] and to facilitate the principal purpose of allowing a class action to be maintained to "advance 'the efficiency and economy of litigation.'"[12]

Rule 23(a) first requires the plaintiff show that "(1) the class is so numerous

---

[9] Doc. 43 at 2.

[10] See Barber v. Hawai'i, 42 F.3d 1185, 1197 (9th Cir. 1994).

[11] Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982).

[12] Falcon, 457 U.S. at 148 (quoting Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974)).

that joinder of [parties] is impracticable; (2) . . . questions of law or fact [are] common to the class; (3) the claims . . . are typical of the claims . . . of the class; and (4) the [plaintiff would] fairly and adequately protect the interests of the class.[13] Rule 23(a) also requires that the case fall within one of the categories identified in Rule 23(b).[14]

In this case, plaintiffs seek certification of a declaratory and injunctive class under 23(b)(2) on grounds "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."[15] Case law also recognizes that in exercising discretion to certify a class action, courts may take into account considerations not expressly dealt with in Rule 23.[16] One non-rule factor commonly considered is whether, in the first instance, class certification in certain cases is necessary.[17] In *James v. Ball*, the 9th Circuit

---

[13] Fed R. Civ. P. 23(a).

[14] *See* Fed. R. Civ. P. 23(b).

[15] Doc. 44 at 25.

[16] *See* CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1785.2 (3d ed. 2005) (citing authority).

[17] *See James v. Ball*, 613 F.2d 180, 186 (9th Cir. 1979) *rev'd on other grounds*, 451 U.S. 355 (1981). *See also* CHARLES ALAN WRIGHT, ET AL. *supra* note 16 ("the need requirement now seems well-accepted as an appropriate consideration when certifying a Rule 23(b)(2) action.")

addressed an analogous issue in an action challenging the constitutionality of an Arizona statute that denied the right of non-landowners to vote in certain elections.[18] Denial of certification was held to be appropriate and within the "sound discretion of the district court."[19] The court held that "the [injunctive and declaratory] relief sought will, as a practical matter, produce the same result as formal class-wide relief."[20]

Here, as in *James*, all potential class members in this case would benefit from an injunction issued on behalf of the individually named plaintiffs.[21] Any judgment implicating the constitutionality of Montana's driver's license revocation or reinstatement statutes would be binding on all Defendants and to the benefit of all potential class members.[22]

No useful need or purpose is served by certification of Plaintiffs' proposed

---

[18] *James*, 613 F.2d at 182.

[19] *James*, 613 F.2d at 186.

[20] *James*, 613 F.2d at 186 (citing *Craft v. Memphis Light Gas & Water Div.*, 534 F.2d 684, 686 (6th Cir. 1976)). *See also.*

[21] *See, e.g., Snake River Farmers' Ass'n, Inc. v. U.S. Dept. of Labor*, 1991 WL 539566 (D. Idaho 1991); *Arnett v. Strayhorn*, 515 F. Supp. 2d 690, 698 (W.D. Tex. 2006), *aff'd per curiam*, 508 F.3d 1134 (5th Cir. 2007), cert. denied, 553 U.S. 1005 (2008); *Mills v. District of Columbia*, 266 F.R.D. 20 (D.D.C. 2010).

[22] Plaintiffs' counsel acknowledged at the January 9, 2019, hearing that the injunctive relief sought would, if granted, apply to all class members.

class. The costs and complexities associated with maintaining a class action outweigh the benefits class certification is intended to provide. Class certification is inappropriate and unnecessary.

ORDERED:

Plaintiffs' Amended Motion for Class Certification is DENIED.

DATED this 9th day of January, 2019.

SAM E. HADDON
United States District Judge